# EXHIBIT A

Timothy J. Abeel, Jr., Esquire                    **ATTORNEY FOR PLAINTIFF**
Attorney ID #000292008
TIMOTHY ABEEL & ASSOCIATES, P.C.
309 Fellowship Road
East Gate Center, Suite 200
Mt. Laurel, NJ 08054
(888)830-1474

---

**DEEPAK BELANI**                          **SUPERIOR COURT OF NEW JERSEAS A**
                                           **MIDDLESEX COUNTY**
    v.

**TESLA, INC.**                            **CIVIL ACTION**

## COMPLAINT

    1.   Plaintiff, Deepak Belani, is an adult individual citizen and legal resident of the State of New Jersey, 3406 Springbrook Drive, Edison, NJ 08820.

    2.   Defendant, Tesla, Inc., is a corporation qualified to do and regularly conduct business in the State of New Jersey, with its address and principal place of business located at 901 Page Avenue, Fremont, CA 94538, and can be served at this address.

### BACKGROUND

    3.   On or about June 03, 2017, Plaintiff purchased a new 2017 Tesla Model S, manufactured and warranted by Defendant, bearing the Vehicle Identification Number 5YJSA1E24HF199427.

    4.   The vehicle was purchased in the State of New Jersey and is registered in the State of New Jersey.

    5.   The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges, but excluding other collateral charges not specified, yet defined by the Lemon Law, totaled more than $87,700.00.  A true and correct copy of the contract is attached hereto, made a part hereof and marked Exhibit "A".

6.  In consideration for the purchase of said vehicle, Defendant issued to Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

7.  The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

8.  The parties' bargain includes an express warranty, as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

9.  However, as a result of the ineffective repair attempts made by Defendant through its authorized dealer(s), the vehicle is rendered substantially impaired, unable to be utilized for its intended purposes and is worthless to Plaintiff.

10.  During the warranty period, Plaintiff complained about defects and or non-conformities to the following vehicle components:  front left mirror intermittently not folding out, noise from headliner, outer belt molding not aligned, both front exterior window seals not aligned, driver's side door handles not aligned, and the media control unit randomly reboots. True and correct copies of the repair invoices in Plaintiff's possession are attached hereto, made a part hereof and marked Exhibit "B".

11.  The vehicle continues to exhibit defects and nonconformities which substantially impairs its use, value and/or safety.

## COUNT I
## NEW JERSEY MOTOR VEHICLE WARRANTY ACT

12.  Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein:

13.  Plaintiff is a "Consumer" as defined by N.J.S.A. 56:12-30.

14. Defendant is a "Manufacturer" as defined by N.J.S.A. 56:12-30.

15. Tesla, Inc., Paramus is and/or was at the time of sale a "Dealer or Motor Vehicle Dealer" in the business of buying, selling, and/or exchanging vehicles as defined by N.J.S.A. 56:12-30.

16. On or about June 03, 2017, Plaintiff took possession of the above mentioned Vehicle and experienced nonconformities as defined by N.J.S.A. 56:12-29 et seq., which substantially impairs the use, value and/or safety of the vehicle.

17. Defendant through its authorized dealer failed to provide written notification that the vehicle was covered by the New Jersey Motor Vehicle Warranty Act as provided in N.J.S.A. 56:12-34(c). Plaintiff believes and therefore avers said failure is a per se violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., as well as a violation of the New Jersey Motor Vehicle Warranty Act.

18. The nonconformities described violate the express written warranties issued to Plaintiff by Defendant.

19. Section 56:12-32 of the New Jersey Motor Vehicle Warranty Act provides:

a. If during the period specified in section 3 of this act, the manufacturer or its dealer is unable to repair or correct a nonconformity within a reasonable time, the manufacturer shall accept return of the motor vehicle from the consumer. The manufacturer shall provide the consumer with a full refund of the purchase price of the original motor vehicle including any stated credit or allowance for the consumer's used motor vehicle, the cost of any options or other modification arranged, installed, or made by the manufacturer or its dealer within 30 days after

the date or original delivery, and any other charges or fees including, but not limited to, sales tax, license and registration fees, finance charges, reimbursement for towing and reimbursement for actual expenses incurred by the consumer for the rental of a motor vehicle equivalent to the consumer's motor vehicle and limited to the period during which the consumer's motor vehicle was out of service due to a nonconformity, less a reasonable allowance for vehicle use.

20. Section 56:12-33 of the New Jersey Motor Vehicle Warranty Act provides a presumption of a reasonable number of repair attempts:

a. It is presumed that a manufacturer or dealer is unable to repair or correct a nonconformity within a reasonable time if, within the first 24,000 miles of operation or during the period of two years following the date of original delivery of the motor vehicle to a consumer, whichever is the earlier date:

(1) Substantially the same nonconformity has been subject to repair three or more times by the manufacturer or its dealer and the nonconformity continues to exist; or

(2) The motor vehicle is out of service by reason of repair for one or more nonconformities for a cumulative total of 20 or more calendar days since the original delivery of the motor vehicle and a nonconformity continues to exist.

b. The presumption contained in sub-section a. of this section shall apply against a manufacturer only if the manufacturer has received written notification, by or on behalf of the consumer, by certified mail return receipt requested, of a potential claim pursuant to the provisions of this act and has had one opportunity to repair or correct the defect or condition within 10 calendar days following receipt of the notification. Notification by the consumer shall take any time after the motor vehicle has had substantially the same nonconformity subject to repair two or more times or has been out of service by reason of repair for a cumulative total of 20 or more calendar days.

21. Plaintiff has satisfied the above definition as the vehicle has been subject to repair more than three (3) times for the same nonconformity, and the nonconformity remained uncorrected.

22. In addition, the above vehicle has or will be out of service by reason of the nonconformities complained of for a cumulative total of twenty (20) or more calendar days.

23. Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the Defendant on numerous occasions as outlined below.

24. After a reasonable number of attempts, Defendant was unable to repair the nonconformities.

25. Plaintiff has been and will continue to be financially damaged due to Defendant's intentional, reckless, wanton, and negligent failure to comply with the provisions of N.J.S.A. 56:12-29 et seq.

26. Plaintiff has provided Defendant with a final repair opportunity prior to filing the

written Complaint.

27. Pursuant to N.J.S.A. 56:12-29 et seq, Plaintiff seeks relief for losses due to the nonconformities and defects in the above-mentioned vehicle in addition to reasonable attorney fees and all court costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, attorney's fees, and all court costs.

## COUNT II
## MAGNUSON-MOSS (FTC) WARRANTY IMPROVEMENT ACT

28. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

29. Plaintiff has or may have resorted to Defendant's informal dispute settlement Procedure, to the extent said procedure complies with 16 CFR 703.

30. Plaintiff avers that the Federal Trade Commission (FTC) has determined that no automobile manufacturer complies with 16 CFR 703, See, Fed. Reg. 15636, Vol. 62, No. 63 (Apr. 2, 1997).

31. Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301(3).

32. Defendant is a "supplier", "warrantor", and a "service contractor" as defined by 15 U.S.C. §2301 (4),(5) and (8).

33. The subject vehicle is a "consumer product" as defined by 15 U.S.C. §2301(1).

34. By the terms of its written warranties, affirmations, promises, or service contracts, Defendant agreed to perform effective repairs at no charge for parts and/or labor.

35. The Magnuson-Moss Warranty Improvement Act requires Defendant to be bound by

all warranties implied by state law. Said warranties are imposed on all transactions in the state in which the vehicle was delivered.

36. Defendant has made attempts on several occasions to comply with the terms of its Express warranties, however, such repair attempts have been ineffective.

37. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

> If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

38. Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

39. As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suite for such damages and other legal and equitable relief.

40. Defendant's failure is a breach of Defendant's contractual and statutory obligations constituting a violation of the Magnuson-Moss Warranty Improvement Act, including but not limited to: breach of express warranties; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; breach of contract; and constitutes an Unfair Trade Practice.

41. Plaintiff avers that Defendant's warranty was not provided to Plaintiff until after the vehicle was delivered, making any and all limitations, disclaimers, and/or alternative dispute provisions ineffective for a failure of consideration.

42.   Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## COUNT III
## UNIFORM COMMERCIAL CODE

43.   Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth as length herein.

44.   The defects and nonconformities existing within the vehicle constitute a breach of contractual and statutory obligations of Defendant, including but not limited to the following:

      a.  Express Warranty;

      b.  Implied Warranty of Merchantability; and

      c.  Implied Warranty Of Fitness For A Particular Purpose.

45.   At the time of obtaining possession of the vehicle and at all times subsequent thereto, Plaintiff has justifiably relied upon Defendant's express warranties and implied warranties of fitness for a particular purpose and implied warranties of merchantability.

46.   At the time of obtaining possession of the vehicle and at all times subsequent thereto, Defendant was aware Plaintiff was relying upon Defendant's express and implied warranties, obligations, and representations with regard to the subject vehicle.

47.   Plaintiff has incurred damages as a direct and proximate result of the breach and failure of Defendant to honor its express and implied warranties.

48.   Such damages include, but are not limited to, the contract price of the vehicle plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent

of which are not yet known.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the contract price of the vehicle, plus all collateral charges and attorneys' fees.

**TIMOTHY ABEEL & ASSOCIATES, P.C.**

By: */s/ Timothy J. Abeel, Jr.*
Timothy J. Abeel, Jr., Esquire
Attorney for Plaintiff

## JURY-DEMAND

Plaintiff hereby demands a trial by jury as to all the issues

**TIMOTHY ABEEL & ASSOCIATES, P.C.**


By: */s/ Timothy J. Abeel, Jr.*
     Timothy J. Abeel, Jr., Esquire
     Attorney for Plaintiff


## CERTIFICATION PURSUANT TO R.4:15-1

Upon knowledge and belief, I hereby certify that there are no other actions or arbitrations related to this suit pending or presently contemplated.

**TIMOTHY ABEEL & ASSOCIATES, P.C.**


By: */s/ Timothy J. Abeel, Jr.*
     Timothy J. Abeel, Jr., Esquire
     Attorney for Plaintiff

# CERTIFICATION OF NOTICE

Pursuant to N.J.S.A. 56:8-20 Plaintiff is mailing a copy of this Complaint to the Office of

The Attorney General, Richard J. Hughes Justice Complex, 25 West Market Street in the City of

Trenton, County of Mercer, in the state of New Jersey on

**TIMOTHY ABEEL & ASSOCIATES, P.C.**

By: */s/ Timothy J. Abeel, Jr.*
    Timothy J. Abeel, Jr., Esquire
    Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, Timothy J. Abeel, Jr., Esq. is

designated as trial counsel for Plaintiff in this case.

**TIMOTHY ABEEL & ASSOCIATES, P.C.**

By: */s/ Timothy J. Abeel, Jr.*
Timothy J. Abeel, Jr., Esquire
Attorney for Plaintiff



1587421

**NJ-103-ARB 10/10/2015**

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| TESLA INC.<br>1 GARDEN STATE PLAZA STE 2124<br>PARAMUS, NJ 07652 | DEEPAK BELANI<br>3406 SPRINGBROOK DRIVE<br>EDISON, NJ 08820 | No. | 2036067/171321102330 |
| | | Date | 06/03/2017 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 9,221.00 |
|---|---|---|---|---|
| 1.49 % | $ 3,680.64 | $ 78,930.00 | $ 82,610.64 | $ 91,831.64 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $ 1,147.37 | Monthly, beginning on 7/18/2017 . |
| N/A | $ N/A | NOT APPLICABLE |
| N/A | $ N/A | NOT APPLICABLE |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If a payment is more than 10 days late, you will be charged 5% of the unpaid amount of the payment due, except that if the Property is primarily for personal, family, or household use and the cash price is $10,000 or less the charge for late payment will be $10.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year<br>2017 | Make<br>TESLA | Model<br>MODEL S | Style<br>SEDAN | Vehicle Identification Number<br>5YJSA1E24HF199427 | Odometer Mileage<br>50 |
|---|---|---|---|---|---|

| | Other: |
|---|---|
| ☒ New<br>☐ Used<br>☐ Demo | 2017 TESLA MODEL S SEDAN 5YJSA1E24HF199427 |

## Description of Trade-In

N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies:
N/A

The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP69
Wolters Kluwer Financial Services © 2015

RSSIMVLFAZNJ 10/10/2015
Page 1 of 7
Customers Initial Here

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ _____78,930.00_____ plus the time price differential accruing on the unpaid balance at the rate of _____1.49_____ % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will earn the time price differential on the unpaid balance at _____1.49_____ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

## Itemization of Amount

| | | |
|---|---|---:|
| a. | **Cash Price of Vehicle** | $ 87,700.00 |
| b. | Trade-In allowance | $ 0.00 |
| c. | Less: Amount owing, paid to (includes l): N/A | $ 0.00 |
| d. | Net Trade-In (b-c; if negative, enter $0 here and enter the amount on line l) | $ 0.00 |
| e. | Cash payment | $ 9,221.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Other down payment (describe) N/A | $ 0.00 |
| h. | **Down Payment (d+e+f+g)** | $ 9,221.00 |
| i. | **Adjusted Cash Price (a-h)** | $ 78,479.00 |
| j. | Sales Tax (reduced as required due to value of like trade-in) | $ 0.00 |
| k. | **Unpaid balance of Cash Price (i+j)** | $ 78,479.00 |
| l. | Financed trade-in balance (see line d) | $ 0.00 |
| m. | Paid to public officials - filing fees | $ 451.00 |
| n. | Paid to public officials - supplemental title fee | $ 0.00 |
| o. | Paid to public officials - other than filing fee | $ 0.00 |
| p. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| q. | Service Contract, paid to: N/A | $ 0.00 |
| r. | To: N/A | $ 0.00 |
| s. | To: N/A | $ 0.00 |
| t. | To: N/A | $ 0.00 |
| u. | To: N/A | $ 0.00 |
| v. | To: N/A | $ 0.00 |
| w. | To: N/A | $ 0.00 |
| x. | To: N/A | $ 0.00 |
| y. | To: N/A | $ 0.00 |
| z. | To: N/A | $ 0.00 |
| aa. | To: N/A | $ 0.00 |
| bb. | **Total Other Charges/Amts Paid (l thru aa)** | $ 451.00 |
| cc. | **Principal Balance (k+bb)** | $ 78,930.00 |
| dd. | **Time Price Differential** | $ 3,680.64 |
| ee. | **Time Balance (cc+dd)** | $ 82,610.64 |
| ff. | Prepaid Finance Charge | $ 0.00 |
| gg. | **Amount Financed (k+bb-ff)** | $ 78,930.00 |
| hh. | **Time Sale Price (h+ee)** | $ 91,831.64 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life insurance pays all or part of the amount you owe under this Contract if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability pays all or part of the payments due under this Contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. See the policies or certificates from the named insurance companies for the details of the coverage these types of insurance provide, and for other terms and conditions. Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☒ None
Premium $ _____0.00_____        Term _____N/A_____
Insured  N/A

**Credit Disability**
☐ Single  ☐ Joint  ☒ None
Premium $ _____0.00_____        Term _____N/A_____
Insured  N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

|  | 08/13/1963 |
|---|---|
| By: DEEPAK BELANI | **DOB** |

|  | N/A |
|---|---|
| By: N/A | **DOB** |

|  | N/A |
|---|---|
| By: N/A | **DOB** |

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____$500_____ . If you get insurance from or through us you will pay $ _____0.00_____ for _____ of coverage.

This premium is calculated as follows:
☐ $0.00 ___ Deductible, Collision Cov. $ _____0.00_____
☐ $0.00 ___ Deductible, Comp. Cov. $ _____0.00_____
☐ Fire-Theft and Combined Additional Cov. $ _____0.00_____
☐ N/A ___ $ _____0.00_____

**THIS DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE, YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFAZNJ 10/10/2015
Page 2 of 7
Customers Initial Here

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ _____ N/A _____ for _____ N/A _____ of coverage.

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term            N/A
Price           $ 0.00
Coverage        N/A

☐ **Gap Waiver or Gap Coverage**
Term            N/A
Price           $ 0.00
Coverage        N/A

☐ N/A
Term            N/A
Price           $ 0.00
Coverage        N/A

_____ 06/03/2017
By:DEEPAK BELANI                 **Date**

_____ N/A
By:N/A                           **Date**

_____ N/A
By:N/A                           **Date**

## Additional Terms of the Sales

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any time price differential or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a time price differential or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned uncollected due to insufficient funds in your account, you agree to pay a fee of $20.

**Governing Law and Interpretation.** This Contract is governed by the law of New Jersey and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract (except as prohibited by law) if you fail to perform any obligation that you have undertaken in this Contract.

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFAZNJ 10/10/2015

_____
Page 3 of 7
Customers Initial Here

If the Property is primarily for personal, family, or household use, and the cash price is $10,000 or less, if you default you agree to pay attorneys' fees of 20% of the first $500 and 10% on any excess of the amount due and payable under this Contract, if referred for collection to an attorney not a salaried employee of ours. For other transactions, if we hire an attorney who is not a salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs the law permits.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, time price differential and all other agreed charges.
◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn the time price differential from the date we pay it at the contract rate described in the *Payment* section until paid in full.
◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
◆ We may, as allowed by law, sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You must pay this Contract even if someone else has also signed it.
◆ We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
◆ We may release any security and you will still be obligated to pay this Contract.

◆ If we give up any of our rights, it will not affect your duty to pay this Contract.
◆ If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

◆ You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
◆ You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
◆ You agree not to remove the Property from the U.S. without our prior written consent.
◆ You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
◆ You will pay all taxes and assessments on the Property as they become due.
◆ You will notify us with reasonable promptness of any loss or damage to the Property.
◆ You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. This amount will earn the time price differential from the date paid at the contract rate described in the *Payment* section until paid in full.

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2016

RSSIMVLFAZNJ 10/10/2016
Page 4 of 7
Customers Initial Here

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

- ◆ **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- ◆ **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- ◆ **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFAZNJ 10/10/2015
Page 5 of 7

Customers Initial Here

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. **Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.**

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

*[This area intentionally left blank.]*

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

NOT APPLICABLE

_____   _____
By: NOT APPLICABLE                                          N/A
   Signature of Third Party Owner (NOT the Buyer)     Date

*[This area intentionally left blank.]*

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFAZNJ 10/10/2015
Page 6 of 7
Customers Initial Here

## Arbitration Provision and Process to Remove

**This Contract contains an Arbitration Provision that** affects your rights. By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.
**By initialing this section, you confirm that you read, understand and agree to the Arbitration Provision in this Contract, including the process to reject it.**

Buyer initials: _____  _____  _____

## Acknowledgment for Electronic Signatures

☐  **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and by us.

|  | 06/03/2017 |
|---|---|
| **By:** DEEPAK BELANI | **Date** |

|  | N/A |
|---|---|
| **By:** N/A | **Date** |

|  | N/A |
|---|---|
| **By:** N/A | **Date** |

### NOTICE TO RETAIL BUYER

**Do not sign this Contract in blank.**

**You are entitled to a copy of the Contract at the time you sign.**

**Keep it to protect your legal rights.**

**By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.**

**Buyer**

|  | 06/03/2017 |
|---|---|
| **By:** DEEPAK BELANI | **Date** |

|  | N/A |
|---|---|
| **By:** N/A | **Date** |

|  | N/A |
|---|---|
| **By:** N/A | **Date** |

**Seller**

|  | 06/03/2017 |
|---|---|
| **By:** TESLA INC. | **Date** |

**Assignment.** This Contract and Security Agreement is assigned to
JPMorgan Chase Bk
PO Box 901033, Fort Worth, TX 76101                    ,
the Assignee, phone _____ 800-336-6675 _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐  This Assignment is made with recourse.

**Seller**

|  | 06/03/2017 |
|---|---|
| **By:** TESLA INC. | **Date** |

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFAZNJ 10/10/2015
Page 7 of 7
Customers Initial Here

1587421

# BUYER'S ORDER

| Dealer/Seller Name and Address | Buyer/Co-Buyer Name(s) and Address(es) |
|---|---|
| TESLA INC.<br>1 GARDEN STATE PLAZA STE 2124<br>PARAMUS, NJ 07652 | DEEPAK BELANI<br>3406 SPRINGBROOK DRIVE<br>EDISON, NJ 08820<br>732-763-4908 |

| Date | 06/03/2017 | Stock No. | | Salesperson |
|---|---|---|---|---|
| App No. | 2036067/17132110233C | Contract No. | 1587421 | |

## Vehicle Information

☒ New   ☐ Used   ☐ Demo

| | | | |
|---|---|---|---|
| Year | 2017 | Lic. No. | |
| Make | TESLA | Odometer Reading | 50 |
| Model | MODEL S | Color | N/A |
| Body Style | SEDAN | | |
| VIN | 5YJSA1E24HF199427 | | |
| Other | N/A | | |
| | N/A | | |

## Insurance Information

Buyer has arranged insurance on the motor vehicle.

Insurance Company

Policy No.

## Trade-In Information

### Trade-in 1

| | | |
|---|---|---|
| Year | Lic. No. | |
| Make | Odometer Reading | |
| Model | Color | |
| Body Style | | |
| VIN | | |
| Lienholder Name | | |
| Address | | |
| Phone | Payoff | |
| Payoff good through | | |
| Approved | | |

### Trade-in 2

| | | |
|---|---|---|
| Year | Lic. No. | |
| Make | Odometer Reading | |
| Model | Color | |
| Body Style | | |
| VIN | | |
| Lienholder Name | | |
| Address | | |
| Phone | Payoff | |
| Payoff good through | | |
| Approved | | |

## Itemization of Sale

| | | | |
|---|---|---|---|
| 1. | Vehicle Sales Price | $ | 87,700.00 |
| 2. | Sales Tax | $ | 0.00 |
| 3. | Subtotal (Add lines 1+2) | $ | 87,700.00 |
| | Title, License & Other Fees | | |
| 4. | Title Fee | $ | 451.00 |
| 5. | N/A | $ | 0.00 |
| 6. | N/A | $ | 0.00 |
| 7. | N/A | $ | 0.00 |
| 8. | N/A | $ | 0.00 |
| 9. | N/A | $ | 0.00 |
| 10. | N/A | $ | 0.00 |
| 11. | N/A | $ | 0.00 |
| 12. | N/A | $ | 0.00 |
| 13. | N/A | $ | 0.00 |
| 14. | N/A | $ | 0.00 |
| 15. | Total Other Fees<br>(Add lines 4 through 14) | $ | 451.00 |
| | Additional Products | | |
| 16. | N/A | $ | 0.00 |
| 17. | N/A | $ | 0.00 |
| 18. | N/A | $ | 0.00 |
| 19. | N/A | $ | 0.00 |
| 20. | N/A | $ | 0.00 |
| 21. | N/A | $ | 0.00 |
| 22. | N/A | $ | 0.00 |
| 23. | N/A | $ | 0.00 |
| 24. | Total Products<br>(Add lines 16 through 23) | $ | 0.00 |
| 25. | Cash Sale Price (Add lines 3 + 15 + 24) | $ | 88,151.00 |
| 26. | Trade-in Allowance | $ | 0.00 |
| 27. | Less Payoff | $ | 0.00 |
| 28. | Net Trade Allowance (Line 26-27) | $ | 0.00 |
| 29. | Cash Down Payment | $ | 9,221.00 |
| 30. | Deferred Down Payment | $ | 0.00 |
| 31. | Total Down Payment<br>(Line 28 + 29 + 30) | $ | 9,221.00 |
| 32. | Total Balance Due (Line 25-31) | $ | 78,930.00 |

1587421

## Additional Terms

**Definitions.** *Contract* refers to this *Buyer's Order.* The pronouns *you* and *your* refer to each Buyer signing this Contract. The pronouns *we, us* and *our* refer to the Dealer/Seller. *Vehicle* means the motor vehicle described in the *Vehicle Information* section. *Trade-in Vehicle(s)* refers to the vehicle described in the *Trade-in Information* section that is being traded to the Dealer/Seller as part of this transaction. *Manufacturer* refers to the entity that manufactured the Vehicle.

**Agreement to Purchase.** You agree to buy the Vehicle from us for the price stated in this Contract. You agree to sign any documents necessary to complete this transaction. Unless you have cancelled this Contract under the condition described in the *Manufacturer* section, if you refuse to take delivery of the Vehicle, we can keep any deposits you have made to us, and you will be liable to us for all of our damages and expenses in connection herewith, including but not limited to reasonable attorneys' fees.

You represent that you are of legal age and have legal capacity to enter into this Contract.

**Manufacturer.** We are not an agent of the Manufacturer. Manufacturer can change the price, design or standard features of the Vehicle at any time without notice. If we cannot obtain the Vehicle from the Manufacturer at the price in effect as of the date of this Contract, or if we cannot obtain the agreed upon product from the Manufacturer, you or we can cancel this Contract.

If you cancel this Contract under the terms of this section, we will refund to you any amounts you have paid to us. If you have delivered a Trade-in Vehicle to us, we will return it to you. If we have already sold the Trade-in Vehicle, we will pay you the trade-in allowance after adjusting for any payoff to a lienholder.

**Insurance.** The insurance information you have given us is accurate.

**Trade-in Vehicle.** You will transfer title to the Trade-in Vehicle to us free of all liens except those noted on this Contract. You give permission to us to contact the lienholder(s) for payoff information. If the payoff information that we obtain from the lienholder(s) differs from the amount disclosed in this Contract, you agree to pay the difference to us if the actual amount of the balance owed is greater than the amount listed in this Contract. If the actual amount of the balance owed is less than the amount listed in this Contract, then we will pay you the difference.

If you do not deliver the Trade-in Vehicle to us at the time of the initial appraisal, we may reappraise the Trade-in Vehicle when it is delivered to us. If the reappraised value is lower than the original appraisal, you can cancel this transaction as long as you have not taken delivery of the Vehicle.

You represent that (a) you are the sole true and lawful owner of the Trade-in Vehicle, (b) the Trade-in Vehicle has never been titled under any state or federal "brand" such as "defective," "rebuilt," "salvage," "flood," etc., (c) the mileage of the Trade-in Vehicle shown in this Contract is the actual mileage of the Trade-in Vehicle, (d) all emission control equipment is on the Trade-in Vehicle and is in satisfactory working order, and (e) the Trade-in Vehicle has not been damaged by collision or other event and repaired. If any of these representations are not true, we may elect to cancel the transaction. We may also choose to reappraise the Trade-in Vehicle and adjust the Total Balance Due instead of cancelling the transaction. You agree to immediately pay us the difference.

**Retail Installment Contract.** In the event that you and we enter into a retail installment contract for the financing of the purchase of the Vehicle, the terms of the retail installment contract will control any inconsistencies between this Contract and the retail installment contract.

**Vehicle Inspection.** You are purchasing the Vehicle based upon your personal inspection, and are not relying upon any opinion, statement, promise or representation of the salesperson, or any other of our employees that is not contained in the written agreements you are signing today.

**Vehicle Condition.** You understand that the Vehicle may have sustained prior body damage and may have undergone prior mechanical repairs during or after its manufacture, during or after transit to us or while in the possession of prior owners or operators.

1587421

## Warranty Information

**Warranty.** We make no express or implied warranties. Except as required by law, we make no implied warranty of merchantability and no warranty that the Vehicle is fit for a particular purpose. We sell the Vehicle AS IS - NOT EXPRESSLY WARRANTED OR GUARANTEED, WITH ALL FAULTS.
If this is a new Vehicle, the Vehicle is subject to a standard written manufacturer's warranty. This warranty is made by the manufacturer and not by us.

**Used Car Buyer Notice.** If you are buying a used vehicle, the information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

Guía para compradors de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

## Notices

☐  You understand that the balance owed on the Trade-in exceeds the Trade-in Allowance and that as a result the Total Balance Due has been increased by this $ 0.00 of negative equity.

## New Jersey Used Passenger Motor Vehicle Notice

☐  The Vehicle is a used passenger motor vehicle and will be registered in New Jersey.

**Explanation of Dealer/Seller Obligations.** The Dealer/Seller has the following obligations under N.J.S.A. 39:10-26 through 39:10-30:
No Dealer/Seller may sell a used passenger motor vehicle to be registered in New Jersey unless the Vehicle meets the standards for the issuance of a certificate of approval. If the used passenger motor vehicle has any defect that does not allow for the issuance of a certificate of approval, the Dealer/Seller shall make, or cause to be made, all necessary repairs without charge, or shall return the full purchase price to the Buyer; provided that such defect or defects are not the result of the Buyer's own act.

☐  **Buyer Waives the Dealer/Seller Obligations.** Buyer has been informed of the Dealer/Seller obligations under the New Jersey Certificate of Ownership Law and Buyer agrees to waive those obligations.

☐  **Buyer Does Not Waive the Dealer/Seller Obligations.** Buyer must present the used passenger motor vehicle for inspection at an official or private inspection facility within 14 days of the date of issuance of the temporary authorization certificate in order to exercise Buyer's rights.

Buyer/Co-Buyer

X _____  06/03/2017
DEEPAK BELANI                        Date

X _____  N/A
N/A                                  Date

## Signatures

This agreement is not binding upon the Dealer\Seller until it is signed by an authorized representative of the Dealer\Seller.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it. This is the complete agreement; there are no other written or oral agreements.

☐  A separate Arbitration Agreement is a part of this Contract.

X _____  06/03/2017
DEEPAK BELANI                        Date

X _____  N/A
N/A                                  Date

X _____  06/03/2017
Dealer\Seller                        Date
TESLA INC.

# EXHIBIT "B"



**TESLA MOTORS**
135 Route 22 East,
Springfield, NJ 07081
Ph: (973) 921-0925
Fax:

**Invoice**

SERVICE DEPARTMENT HOURS
Mon-Fri: 9:00 a.m. to 6:00 p.m.

E.P.A.ID# NJR986639698

| | |
|---|---|
| **Invoice Date** 23-Aug-2017 | **Invoice Number** 300000160948 |
| **Date/Time Received** 21-Aug-2017 2:08 p.m. | **Date/Time Promised** |
| **Odometer In** 3352 Miles | **Odometer Out** 3354 Miles |
| **Ready Date** 22-Aug-2017 | |
| **Service Advisor** Sara Logan | |

| Bill To | Mobile Phone | Additional Phone | Vehicle Identification Number |
|---|---|---|---|
| Deepak Belani 3406 Springbrook Drive, Edison, NJ 08820 belani@optonline.net | 7327834908 | | 5YJSA1E24HF199427 |
| | Year | Model | License Plate | Color |
| | 2017 | Model S | | Obsidian Black Metallic Paint |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| | Concern: Customer: Front left mirror intermittently does not fold out. | |
| | Corrections: Exterior Mirrors General Diagnosis | |
| | After inspection readjusted the left mirror assembly. Verified no nose and proper operation. | |
| **1** | Pay Type: Goodwill | 0.00 |
| | Concern: Customer: Rain drop sound from headliner - Only occurs in the morning. | |
| | Corrections: Interior NVH General Diagnosis | |
| | After proper interior inspection no problem was found. | |
| **2** | Pay Type: Goodwill | 0.00 |

Concern: Customer: Right side outer belt molding is not aligned.

Corrections: Adjustment General Diagnosis

Inspected the outer belt molding technician recommend replacement of the outer belt molding.

Corrections: Seal - Door Rear Outer Belt - RH

**3**  Removed and replaced right rear outer door belt seal. Verified proper fitment.          0.00

**Parts Replaced or Added**

| Part | Quantity |
|---|---|
| SEAL - DOOR RR OTR BELT - RH (1038396-00-A) | 1 |

Pay Type: Goodwill

Concern: Customer: I would like to purchase all weather trunk mat.

MISC Items: NO LABOR PERFORMED

Installed all weather trunk mat.

**MISC Items**

| Part | Quantity | Unit Price | | |
|---|---|---|---|---|
| ALLWEATHER TRUNK LINER SET, MS (1019291-01-A) | 1 | 200.00 | 200.00 | 200.00 |
| | **Total Parts** | | **200.00** | |

**4**

**Total Job Parts: 200.00**

**Total Labor & Miscellaneous Items: 0.00**

Pay Type: Customer Pay

Concern: Customer: Tire rotation to be performed

Corrections: Tire Rotation

Performed tire rotation. Torque down the wheels to proper spec.

**5**  Pay Type: Goodwill          0.00

Service Center hourly rate: USD 195.00

All parts are new unless otherwise specified.

Notes:

**Payment Terms:**
Due upon receipt. PLEASE QUOTE THE INVOICE NUMBER
300000160948 WITH YOUR PAYMENT

| | |
|---|---|
| Total Labor & Miscellaneous Items | 0.00 |
| Total Parts | 200.00 |
| Shipping | 0.00 |
| Discount | 0.00 |
| Referral Credit | 0.00 |
| **Subtotal** | **200.00** |
| Sales Tax | 13.25 |
| **TOTAL AMOUNT** | **213.25** |

| Additional Amount | Revised Estimate | Job Number | Date & Time | Approved By (# If By Phone) |
|---|---|---|---|---|

You agree that: Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle for the sole purpose of testing and/or inspection of repairs; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; Tesla and its employees will turn off any photo or video capturing devices, such as dashboard cameras, once we receive the vehicle in preparation for service; items may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied); an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs and storage; the owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged a storage fee from the fourth working day after you are notified that repairs on your vehicle are complete.

You may request to receive replaced parts, except parts normally sold on an exchange basis or subject to a manufacturer's warranty.

The warranty for any service or repair work performed by Tesla on your vehicle, if any, is set forth in your Tesla-issued New Vehicle Limited Warranty or other extended service agreement. Tesla disclaims all other express or implied warranties with respect to any repairs or products used in repairs. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done as set forth in this service agreement document.

**Signature:**                                        **Date:**

I hereby authorize the repair work about to be done along with the necessary material and agree that Tesla Motors is not responsible for loss or damage to the vehicle or articles left in the vehicle in case of fire, theft, or any other cause beyond Tesla's control or for any delays caused by unavailability of parts or delays in parts shipments by the supplier or transporter. I hereby grant Tesla Motors and its employees to operate the vehicle herein described on streets, highways, or elsewhere for the purpose of testing and/or inspection. The distance could be as little as a couple of miles or could be as high as 100-200 miles. Customer understands and approves the driving of miles associated with diagnosis and testing. Any express mechanic's lien is hereby acknowledged on above vehicle to secure the amount of repairs thereto. Any warranties on products sold hereby are those made by the manufacturer. The seller hereby expressly disclaims all warranties, express or implied, including any implied warranty of merchantability or fitness for a particular purpose, and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said parts. Any limitation contained herein does not apply where prohibited by law.







**TESLA MOTORS**
135 Route 22 East,
Springfield, NJ 07081
Ph: (973) 921-0925
Fax:

### Invoice

**SERVICE DEPARTMENT HOURS**
Mon-Fri: 9:00 a.m. to 6:00 p.m.

E.P.A.ID# NJR986639698

| | |
|---|---|
| Invoice Date | Reference Number |
| 13-Sep-2017 | RONC9821016893 |
| Date/Time Received | Date/Time Promised |
| 13-Sep-2017 10:05 a.m. | |
| Odometer In | Odometer Out |
| 4282 Miles | 4284 Miles |
| Ready Date | |
| 13-Sep-2017 | |
| Service Advisor | |
| Sara Logan | |

| Bill To | Mobile Phone | Additional Phone | Vehicle Identification Number |
|---|---|---|---|
| Deepak Belani<br>3406 Springbrook Drive,<br>Edison, NJ 08820<br>belani@optonline.net | 7327634906 | | 5YJSA1E24HF199427 |
| | Year | Model | License Plate | Color |
| | 2017 | Model S | | Obsidian Black Metallic Paint |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| | Concern: Customer: Both front windows exterior seals not properly aligned. | |
| | Corrections: Seals Body Closure General Diagnosis | |
| | Adjusted and re secured both left and right front out belt seals. Confirmed proper fitment. | |
| **1** | Pay Type: Goodwill | 0.00 |
| | Concern: Customer: Creaking noise coming from the headliner (sun visor area) | |
| | Corrections: Headliner General Diagnosis | |
| | Verified customer's concern. Installed foam tape. Confirmed proper fitment. Test drove vehicle. Creaking noise no longer present. | |
| **2** | Pay Type: Goodwill | 0.00 |

Concern: Customer: Front passenger door above the door handle has minor scratches .

Corrections: Detail I

Buffed out scratched above the front passenger door handle.

**3**     Pay Type: Goodwill                                                     0.00

Concern: Perform courtesy inspection.

Corrections: Courtesy Inspection

-Checked for Active alerts: No active alert exist
-Checked firmware version: Updated to latest Version
-Topped off washer fluid.
-Verified wiper and washer jet operation:  Good no other issue.
-Tested and inspected customer's charge cable :  Tested with a shop cable at 40 amps
without issue.
-Set tire pressure to proper specifications:
-Measured tire tread depth at:

| | (Outer) | (Center) | (Inner) | |
|---|---|---|---|---|
| LF: | 9 | 9 | 9 | |
| RF: | 8 | 8 | 8 | |
| LR: | 8 | 8 | 8 | |
| RR: | 6 | 6 | 6 | x |

**4**                                                                           0.00

Corrections: Car Wash

Courtesy wash and vacuum provided.

Pay Type: Goodwill

Concern: Both rear and front driver side door handles are not flush with the body.

Corrections: Adjustment General Diagnosis

Re adjusted both driver side door handles. Confirmed proper fitment and operation.
Exterior door handles now flush with body.

**5**     Pay Type: Warranty                                                    0.00

Service Center hourly rate: USD 195.00

All parts are new unless otherwise specified.

| Notes: | Total Labor & Miscellaneous Items | 0.00 |
| | Total Parts | 0.00 |
| | Shipping | 0.00 |
| | Discount | 0.00 |
| Payment Terms: | Referral Credit | 0.00 |
| Due upon receipt. PLEASE QUOTE THE INVOICE NUMBER WITH YOUR PAYMENT | **Subtotal** | **0.00** |
| | Sales Tax | 0.00 |
| | **TOTAL AMOUNT** | **0.00** |

| Additional Amount | Revised Estimate | Job Number | Date & Time | Approved By (# if By Phone) |
| --- | --- | --- | --- | --- |

You agree that: Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle for the sole purpose of testing and/or inspection of repairs; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; Tesla and its employees will turn off any photo or video capturing devices, such as dashboard cameras, once we receive the vehicle in preparation for service; items may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied); an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs and storage; the owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged a storage fee from the fourth working day after you are notified that repairs on your vehicle are complete.

You may request to receive replaced parts, except parts normally sold on an exchange basis or subject to a manufacturer's warranty.

The warranty for any service or repair work performed by Tesla on your vehicle, if any, is set forth in your Tesla-issued New Vehicle Limited Warranty or other extended service agreement. Tesla disclaims all other express or implied warranties with respect to any repairs or products used in repairs. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done as set forth in this service agreement document.

**Signature:** _____   **Date:** _____

I hereby authorize the repair work about to be done along with the necessary material and agree that Tesla Motors is not responsible for loss or damage to the vehicle or articles left in the vehicle in case of fire, theft, or any other cause beyond Tesla's control or for any delays caused by unavailability of parts or delays in parts shipments by the supplier or transporter. I hereby grant Tesla Motors and its employees to operate the vehicle herein described on streets, highways, or elsewhere for the purpose of testing and/or inspection. The distance could be as little as a couple of miles or could be as high as 100-200 miles. Customer understands and approves the driving of miles associated with diagnosis and testing. Any express mechanic's lien is hereby acknowledged on above vehicle to secure the amount of repairs thereto. Any warranties on products sold hereby are those made by the manufacturer. The seller hereby expressly disclaims all warranties, express or implied, including any implied warranty of merchantability or fitness for a particular purpose, and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said parts. Any limitation contained herein does not apply where prohibited by law.



Repairs
Internal Use Only



Payment
Internal Use Only



**TESLA MOTORS**
135 Route 22 East,
Springfield, NJ 07081
Ph: (973) 921-0925
Fax:

### Invoice

**SERVICE DEPARTMENT HOURS**
Mon-Fri: 9:00 a.m. to 6:00 p.m.

E.P.A.ID# NJR986639698

| | |
|---|---|
| Invoice Date | Reference Number |
| 10-Nov-2017 | RONC9821016966 |
| Date/Time Received | Date/Time Promised |
| 10-Nov-2017 12:18 p.m. | |
| Odometer In | Odometer Out |
| 6593 Miles | 6599 Miles |
| Ready Date | |
| 17-Nov-2017 | |
| Service Advisor | |
| Matteo Gencarelli | |

| Bill To | Mobile Phone | Additional Phone | Vehicle Identification Number |
|---|---|---|---|
| Deepak Belani | 7327634900 | | 5YJSA1E24HF199427 |
| 3406 Springbrook Drive, | | | |
| Edison, NJ 08820 | Year | Model | License Plate | Color |
| belani@optonline.net | 2017 | Model S | | Obsidian Black Metallic Paint |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| | Concern: Customer: Bright molding is not properly aligned after multiple visits. | |
| | Corrections: Adjustment General Diagnosis | |
| | Technician adjusted the fitment on the bright molding. Verified that fitment is proper. Operating properly as designed. | |
| **1** | Pay Type: Goodwill | 0.00 |

Concern: Perform courtesy inspection.

Corrections: Courtesy Inspection

-Checked for Active alerts: No active alert exist
-Checked firmware version: Updated to latest Version
-Topped off washer fluid.
-Verified wiper and washer jet operation: Good no other issue.
-Tested and inspected customer's charge cable : Tested with a shop cable at 40 amps
without issue.
 tire pressure to proper specifications: Front - 45 Rear 45 psi
-Measured tire tread depth at:

**2**

|     | (Outer) | (Center) | (Inner) |
|-----|---------|----------|---------|
| LF: | 8/32    | 8/32     | 8/32    |
| RF: | 8/32    | 8/32     | 8/32    |
| LR: | 8/32    | 8/32     | 8/32    |
| RR: | 8/32    | 8/32     | 8/32    |

0.00

Corrections: Car Wash

Courtesy wash and vacuum performed.

MISC Items: Tesla (Internal Loaner or Rental)

Courtesy vehicle provided.


Pay Type: Goodwill

Concern: Customer: states there is a rattle noise present from the right front headliner/glass
area.

Corrections: Sun Visor - Driver's

Installed foam tape in headliner area and re-adjusted headliner. Verified proper fitment
and verified that rattle noise is no longer present. Operating properly as designed.

**3**      **Parts Replaced or Added**                                                    0.00

| Part | Quantity |
|------|----------|
| COVER BRACKET SUN VISOR OUTER - BLK (1002480-02-B) | 1 |

Pay Type: Warranty


Concern: Customer: states MCU randomly reboots.

Corrections: Media Control Unit (Touchscreen) General Diagnosis

Technician cleared trip history on vehicle's navigation system and reset system. Verified
that touchscreen is operating properly as designed.

**4**      Pay Type: Goodwill                                                             0.00

**5**

Concern: Customer: states due to door handles being misaligned and repaired in previous service visits, the paint is scratched on left front and rear door handles

Corrections: Tesla Body Repair - Tesla Pay

Paint work performed at Tesla certified body shop -
Ultimate Collision Repair In Edison, NJ.

Pay Type: Goodwill                                                              0.00

**6**

Concern: 75D Firmware Update to Increase Performance

Corrections: Update Configuration Variables And Vehicle Firmware to Increase 75D Performance

Updated Configuration Variables And Vehicle Firmware to Increase 75D Performance

Pay Type: Goodwill                                                              0.00

| | |
|---|---|
| Service Center hourly rate: USD 195.00 | |
| All parts are new unless otherwise specified. | |
| Notes: | |

| | |
|---|---|
| Total Labor & Miscellaneous Items | 0.00 |
| Total Parts | 0.00 |
| Shipping | 0.00 |
| Discount | 0.00 |
| Referral Credit | 0.00 |
| **Subtotal** | **0.00** |
| Sales Tax | 0.00 |
| **TOTAL AMOUNT** | **0.00** |

Payment Terms:
Due upon receipt. PLEASE QUOTE THE INVOICE NUMBER WITH YOUR PAYMENT

| Additional Amount | Revised Estimate | Job Number | Date & Time | Approved By (# if By Phone) |
|---|---|---|---|---|
| | | | | |

You agree that: Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle for the sole purpose of testing and/or inspection of repairs; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; Tesla and its employees will turn off any photo or video capturing devices, such as dashboard cameras, once we receive the vehicle in preparation for service; items may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied); an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs and storage; the owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged a storage fee from the fourth working day after you are notified that repairs on your vehicle are complete.

You may request to receive replaced parts, except parts normally sold on an exchange basis or subject to a manufacturer's warranty.

The warranty for any service or repair work performed by Tesla on your vehicle, if any, is set forth in your Tesla-issued New Vehicle Limited Warranty or other extended service agreement. Tesla disclaims all other express or implied warranties with respect to any repairs or products used in repairs. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla.

**I authorize the repair work, including parts, materials and labor, on my vehicle to be done as set forth in this service agreement document.**

**Signature:** _____     **Date:** _____

I hereby authorize the repair work about to be done along with the necessary material and agree that Tesla Motors is not responsible for loss or damage to the vehicle or articles left in the vehicle in case of fire, theft, or any other cause beyond Tesla's control or for any delays caused by unavailability of parts or delays in parts shipments by the supplier or transporter. I hereby grant Tesla Motors and its employees to operate the vehicle herein described on streets, highways, or elsewhere for the purpose of testing and/or inspection. The distance could be as little as a couple of miles or could be as high as 100-200 miles. Customer understands and approves the driving of miles associated with diagnosis and testing. Any express mechanic's lien is hereby acknowledged on above vehicle to secure the amount of repairs thereto. Any warranties on products sold hereby are those are those made by the manufacturer. The seller hereby expressly disclaims all warranties, express or implied, including any implied warranty of merchantability or fitness for a particular purpose, and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said parts. Any limitation contained herein does not apply where prohibited by law.





MID-L-005787-19   08/08/2019 1:20:34 PM  Pg 34 of 35 Trans ID: LCV20191398734



**Tesla Inc.**
135 Route 22 East
Springfield, NJ 07081
Ph: (973) 921-0925
Fax:

# Invoice

**SERVICE DEPARTMENT HOURS**
Mon-Fri: 9:00 a.m. to 6:00 p.m.

| | |
|---|---|
| Invoice Date | Invoice Number |
| 19-Dec-2018 | US-009-0000125440 |
| Date/Time Received | Date/Time Promised |
| 19-December-2018 05:33 PM | |
| Odometer In | Odometer Out |
| 20047.6 Miles | 20047.6 Miles |
| Ready Date | |

Service Advisor
Joel Ramirez

| | | | |
|---|---|---|---|
| **Bill To** | Mobile Phone | Additional Phone | **Vehicle Identification Number** |
| Deepak Belani | (732) 763-4908 | | 5YJSA1E24HF199427 |
| 3408 Springbrook Drive | Year | Model | License Plate | Color |
| Edison, NJ 08820 | 2017 | Model S | | Obsidian Black Metallic Paint |
| belani@optonline.net | | | | |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| **1** | Above sun visor there is a rattling noise on both right and left side as if something was loose. The customer has come 5 times to service center and would like mobile appointment.<br><br>Technician verified concern during road test with customer. Found noise to be from headliner rubbing on windshield. Insulated headliner to windshield. Performed road test with customer verified repair customer approved; vehicle operating as designed.<br><br>**Correction: Interior NVH General Diagnose** | |

Pay Type: Warranty     0.00

Service Center hourly rate: 175

All parts are new unless otherwise specified.

Notes:

Payment Terms:
Due upon receipt.

| | |
|---|---|
| Subtotal Labor & Miscellaneous Items | 0.00 |
| Labor & Miscellaneous Items Price Adjustment | 0.00 |
| Total Labor | 0.00 |
| Subtotal Parts | 0.00 |
| Parts Price Adjustment | 0.00 |
| Total Parts | 0.00 |
| Shipping | 0.00 |
| Referral Credit | 0.00 |
| **Subtotal** | 0.00 |
| Sales Tax | 0.00 |
| **TOTAL AMOUNT** | 0.00 |

I authorize the repair work, including parts, materials and labor, on my vehicle to be done as set forth in this service agreement document.

**Signature:**                                                                                  **Date:**

You agree that: Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle for the sole purpose of testing and/or inspection of repairs; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; Tesla and its employees will turn off any photo or video capturing devices, such as dashboard cameras, once we receive the vehicle in preparation for service; items may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied); an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs and storage; the owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees from the fourth working day after you are notified that repairs on your vehicle are complete.

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla-issued New Vehicle Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla.

2 of 2