## LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

A PROFESSIONAL CORPORATION INCORPORATED IN THE COMMONWEALTH OF PENNSYLVANIA

ATTORNEYS AT LAW

1300 ROUTE 73

SUITE 307

MT. LAUREL, NJ 08054

(856) 778-5544

FAX: (856) 793-0237

WWW.LAVIN-LAW.COM

PENNSYLVANIA OFFICE
SUITE 500
190 NORTH INDEPENDENCE MALL WEST
6TH & RACE STREETS
PHILADELPHIA, PA 19106
(215) 627-0303

FAX: (856) 793-0237

MICHAEL J. QUINN
RESIDENT NEW JERSEY SHAREHOLDER

WRITER'S DIRECT DIAL NUMBER
(215) 351-7576

NEW YORK OFFICE
420 LEXINGTON AVENUE
GRAYBAR BUILDING
SUITE 335
NEW YORK, NY 10170
(212) 319-6898

FAX: (212) 319-6932

OF COUNSEL
G. WESLEY MANUEL, JR.

WRITER'S E-MAIL ADDRESS
MWOZNY@LAVIN-LAW.COM

January 17, 2020

**Via E-mail (mf_orders@njd.uscourts.gov)**
**and Electronic Filing**

Honorable Mark Falk
United States Magistrate Judge
United States District Court
District of New Jersey
USPO & Courthouse
1 Federal Square, Room 457
Newark, NJ 07101

    RE:    Deepak Belani v. Tesla, Inc.
                 U.S.D.C.; District of NJ; Docket No. 19-cv-18151
                 File No. 10121-1908734

Dear Judge Falk:

       My office represents Tesla, Inc. in the above referenced matter. Please accept this letter as a request for the Court's approval that Tesla, Inc. be available by telephone for the settlement conference scheduled in this matter for February 4, 2020.

       By way of necessary background, the parties attended an initial scheduling conference with Your Honor on November 6, 2019. During that conference, Plaintiff's counsel requested a settlement conference with Your Honor. Tesla, Inc. consented to the settlement conference request. All parties agreed and stipulated with Your Honor that Plaintiff would appear in person and that Tesla, Inc. would be available by telephone. However, the order issued as a result of the initial scheduling conference requires all individual clients to be in person (a copy is attached for reference). Plaintiff's counsel has re-confirmed his consent that Plaintiff appear in person and that Tesla, Inc. be available by telephone.

**LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO**

Honorable Mark Falk
January 17, 2020
Page 2

      Thank you for your consideration in this matter. Should the Court have any questions or concerns, the parties will make themselves available at the Court's convenience.

      Respectfully submitted,

      Michael J. Wozny

MJW/ch
Enclosure
cc:    Timothy J. Abeel, Esquire (*w/enclosure via email*)

2121903v1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEEPAK BELANI,<br><br>                                **Plaintiff,**<br>v.<br><br>TESLA, INC.,<br><br>                                **Defendant.** | Civil Action No. 19-18151 (CCC)<br><br><br><br>**ORDER** |

      **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure; and for good cause shown:

      **IT IS on this 10th day of December, 2019**

      **ORDERED THAT:**

### I. DISCLOSURES

1.      Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **December 24, 2019**.

### II. DISCOVERY

2.      Fact discovery is to remain open through **March 13, 2020.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3.      The parties may serve interrogatories limited to twenty-five (25) single questions and requests for production of documents on or before **December 24, 2019**, to be responded to **within thirty (30) days of receipt**.

4.      No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

5.      Any discovery dispute shall be brought to the Court's attention in the first instance

by letter, as described in paragraph 7 herein, or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

6.  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

7.  Any discovery or case management dispute shall be raised informally as provided for in Local Civil Rule 37.1, following an actual meet-and-confer by the parties. If the parties are unable to agree, a short letter may be emailed to chambers at mf_orders@njd.uscourts.gov indicating that there is a dispute and the subject matter of the dispute. Detailed, multi-page letters should **not** be submitted. Upon receipt of any such letter, the Court will attempt to schedule a telephone conference within 24 hours to discuss the details of the dispute and make a more specific plan for how it should be addressed (e.g., formal motion, informal briefing, in-court meet and confer, etc.). Any letter submitted should be **double spaced**.

8.  Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **February 13, 2020** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

9.  The parties should confer and submit any proposed order relating to the non-waiver or privilege through inadvertent disclosure, pursuant to Federal Rule of Evidence 502(d), by **December 24, 2019.**

10. Proposed orders and short letters may be emailed to the Court at mf_orders@njd.uscourts.gov.

## III. DISCOVERY CONFIDENTIALITY ORDERS

11. The parties should submit any proposed discovery confidentiality order by **December 24, 2019**. Any confidentiality order submitted must strictly comply with Local Civil Rule 5.3. Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

12. Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to Local Civil Rule 37.1 following a good faith effort to meet and confer. See L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. The absence of a discovery confidentiality order is not a sufficient basis to withhold discovery. Pending the entry of a discovery confidentiality order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

## IV. FUTURE CONFERENCES

13. There shall be an in-person conference before the Undersigned on **February 4, 2020 at 10:00 a.m.** at the U.S. Post Office and Courthouse, 1 Federal Square, Fourth Floor, Courtroom 9, Newark, New Jersey. **In addition to and wholly separate from lead counsel, individual clients are required to attend the conference in person and be present and available all day.** The parties are directed to submit confidential settlement statements, double-spaced and not to exceed five (5) pages, to the Undersigned on or before **January 31, 2020.**

14. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

15. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

16. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

17. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V. MOTIONS

18. Any motion to amend any pleading must be filed on or before **February 1, 2020**.

19. No motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a dispositive motion pre-hearing. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1 and 78.1.

20. Dispositive motions, if any, are to be filed by **TO BE SET**.

## VI. EXPERTS

21. All affirmative expert reports shall be delivered by **April 13, 2020**, with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. See Fed. R. Civ. P. 26(b) (4) (A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

22. All responding expert reports shall be delivered by **May 13, 2020**, with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. Any such report shall be in the form and content as described above.

23. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

## VII. FINAL PRETRIAL CONFERENCE

24. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

25. All counsel are directed to assemble at the office of plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

26. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

27. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

28. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

                                        /s/ Mark Falk
                                        **MARK FALK**
                                        **Chief U.S. Magistrate Judge**